[No. 501.   January 3, 1893.]

JOSEFA S. DE MANDERFIELD, APPELLANT, v. NEILL B. FIELD, ADMINISTRATOR OF WILLIAM S. WOODSIDE, DECEASED, AND THOMAS B. CATRON, APPELLEES.

PARTNERSHIP, LEGAL EFFECT OF ASSIGNMENT OF INTEREST IN.— An assignment by a partner of his interest in the firm dissolves the partnership, but does not make the assignee a copartner, or tenant in common in the property, with the other partners.   The extent of such assignment is an interest in the surplus, if any, which may remain after the payment of the partnership debts, and the settlement of accounts between the partners.

ID.—ACCOUNTING—BILL IN EQUITY—PARTIES.—In a suit, by bill in equity, by the assignee of a deceased partner for an accounting, against the surviving partners and representatives of other deceased partners, the administrator of the assignor is a necessary party, without whom the bill is fatally defective, and the action can not be maintained.

ID.—ASSIGNMENT—SANITY OF ASSIGNOR—FINDING OF MASTER.—The failure of the master, in such suit, to make a finding on the issue of the sanity of the assignor at the time of making the assignment to the complainant, was equivalent to finding that issue in favor of the assignee, and not, therefore, error of which the assignee could complain.

ID.—FRAUD—FAILURE OF PROOF—DISMISSAL OF BILL.—Where, in such suit, the evidence furnished no basis upon which an equitable adjustment of the partnership business could be made, and the claim of complainant was attempted to be made out by vague imputations of fraud on the part of the other partners, resting upon mere conjecture, without any evidence of actual fraud, the bill was properly dismissed.

APPEAL, from a decree for defendants, from the First Judicial District Court, Santa Fe County. Decree affirmed, without prejudice to complainant.

The facts are stated in the opinion of the court.

CHARLES H. GILDERSLEEVE for appellant.

The assignee of a note, in suing upon the note, need not file a copy or the original of a written assignment, as the action is not on the assignment, but on the note, although the assignment would have to be introduced in evidence in order to make out a right of action in the assignee. Treadway v. Cobb, 18 Ind. 36. See, also, Lash v. Perry, 19 Ind. 322; Rausch v. Trustees, 107 Id. 1.

Even when the evidence is such it is impossible to arrive at any degree of certainty, if it is sufficient to afford a reasonable ground of presumption one way or the other, the master is bound to find in favor of such presumption. 2 Danl. Ch. Pl. and Pr., pp. 1298, 1299.

NEILL B. FIELD for appellees.

LEE, J.—On the sixth day of December, 1887, William S. Woodside died intestate in the county of Bernalillo, and the defendant Field was appointed his administrator, and took possession of his assets. On the fifth day of December, 1888, the complainant filed her bill of complaint in the district court of Santa Fe county against the defendant Field, and Thomas B. Catron, in which she alleged that on the thirteenth day of January, 1885, Woodside, William H. Manderfield, and Catron entered into a copartnership for the purpose of carrying on a trading post at Ft. Wingate, New Mexico; that the said parties were equal partners in the said business; that on the first day of August, 1888, the said W. H. Manderfield sold, transferred, and conveyed to the complainant all his right, title, and interest in and to said firm, its assets, accounts, properties, and moneys. The bill contains many specific allegations of wrongdoing on the part of Woodside and Catron with reference to the partnership property; alleges that William H. Manderfield died on the third day of December, 1888; and prays that an account may be taken, and that the defendants be compelled to set forth a full, true, and just account of all moneys and property of the said firm now in their hands, and of all the profits, sales, and expenditures thereof, together with all sums drawn by them, or either of them, from the said firm, and of all the transactions, of any sort or kind, which may be pertinent to the issues and questions herein, and that the defendants may be decreed and compelled to pay to the complainant all sums found to be due to her upon such accounting. The bill also contains a prayer for general relief. Three exhibits are referred to in the bill, only two of which were filed with it. The third, being the assignment upon which the complainant bases her right of action, was not filed with

the bill, nor was any reason assigned for the failure on
the part of the complainant to file it, or a copy of it, as
required by our statute. The defendant Field pleaded
to the bill that at the time of the pretended assignment
W. H. Manderfield was non compos mentis, and inca-
pable of making the assignment, and, that, therefore,
no right passed to the complainant by virtue of it. He
also answered, denying the material allegations in the
bill. The defendant Catron filed an answer in which
he denied all the material allegations of the complain-
ant's bill, and charged that W. H. Manderfield had
drawn out of the business of the partnership moneys
greatly in excess of his just share and proportion.
Replications having been filed, the case was on the
twentieth day of November, 1889, referred, by the fol-
lowing order: "It is hereby ordered by the court that
John P. Victory be, and he is hereby, appointed spe-
cial master to take the testimony in this cause, and to
report the same, with his opinion thereon, to the court."
This order of reference appears to have been treated by
the master and the counsel engaged in the case as broad
enough to authorize the taking of testimony upon all
the issues made by the pleadings, and under it evidence
was offered by the complainant by which she attempted
to establish her right to an accounting against the
defendants, and also to show what, on such accounting,
was due her, as the assignee of William H. Manderfield.
The master excluded the assignment offered in evi-
dence upon the ground that it was the foundation of
the complainant's action, and was inadmissible, be-
cause not filed with the bill of complaint. Certain
pages of a book claimed by the complainant to be the
ledger of Woodside were offered and admitted by the
master, over the objection of the defendant Field.
Evidence was offered on both sides as to the mental
condition of Manderfield at the time of the alleged

assignment.   The master also admitted, over the objection of defendant Field, three letters written by Field to Gildersleeve shortly after his appointment as administrator.   Certain drafts, notes, and mortgages were also admitted, over the objection of the defendant, but in his brief Mr. Gildersleeve says that the complainant claims nothing on account of those instruments.   The master reported that there was no proper evidence in the case tending to establish a privity between the complainant and the defendants, or either of them, and that the proof failed to substantiate the allegations of the bill.   He declined to find on the issue of Manderfield's sanity, stating that he deemed such finding unnecessary, and reported as a conclusion of law that the complainant was not entitled to any relief.   Objections were filed by the complainant, which, by consent, were to stand as exceptions to the master's report; and those exceptions, upon argument, were overruled by the court, and a decree was entered dismissing the complainant's bill.   From that decree she appeals to this court.

The real questions which must determine this case arise in the peculiar and anomalous character of the proceedings.   An assignee of a deceased partner files her complaint against a surviving partner, and an administrator of a deceased partner, without making the administrator of the estate of her assignor a party thereto, calling upon the surviving partner and administrator of the deceased partner to account to her for all moneys and property of said firm now in their hands, and all the profits, sales, and expenditures thereof, together with all sums drawn by them, or either of them, from said firm, and all the transactions, of any sort or kind, which may be pertinent to the issues and questions herein, and that the said defendants may be decreed and compelled to pay unto the

petitioner all sums so found due her upon such account-
ing. The assignment of W. H. Mander-
field (the deceased partner) to the com-
plainant was offered in evidence by the
complainant, which was objected to by the defendants
for the reason that a copy thereof had not been filed
with the complaint, as required by statute. The objec-
tion was sustained below, which action, it is urged here,
was error, and should reverse the case. Suppose, for
the purpose of investigating other points in the case,
we assume that the said assignment had been admitted
in evidence, and we were considering the case from that
standpoint. The assignment of W. H. Manderfield to
the complainant had the effect to dissolve the partner-
ship which had existed between him and Thomas B.
Catron and William S. Woodside, but it did not make
his assignee a copartner with, or tenant in common in
the property with, the other two partners. She did
not, by the assignment, become the owner of a third
interest in the partnership property. The effects or
property of a partnership belong to the firm, and not
to the individual partners, each of whom is entitled
only to a share of what may remain after payment of
the partnership debts, and after settlement of the
accounts between the partners. Thus in Taylor v.
Fields, 4 Ves. 396, it is said: "A party coming into
the right of a partner (in any mode; either by purchase
from such partner or his personal representatives, or
under an execution or commission of bankruptcy)
comes into nothing more than an interest in the part-
nership, which can not be tangible, can not be made
available or be delivered, but under an account between
the partnership and the partner; and it is an item in
the account that enough must be left for the partner-
ship debts." The utmost extent of the transfer by the
assignment of W. H. Manderfield to the complainant
was an interest in the surplus, if any, which might

PARTNERSHIP,
legal effect of
assignment of
interest in.

remain after all debts of the firm should be paid, and
after his liabilities to his copartners, as such, had been
discharged.   The effect of the assignment was to dis-
solve the partnership, and to clothe the complainant
with power to compel an accounting and settlement of
the business of the partnership, to ascertain what, if
anything, her interest might be, on its full
adjustment.   Suppose, for the investiga-
tion of the case, it is conceded that W. H.

ACCOUNTING: bill
in equity: par-
ties.

Manderfield had an assignable interest in the partner-
ship property, which passed by the assignment to the
complainant, and which she has a right, in a court of
equity, to enforce.   It becomes a leading and controll-
ing question, lying at the very foundation of the case,
whether there are any obligations of debt outstanding
against the firm, and whether W. H. Manderfield has
fully discharged his obligations to his copartners; and
this could not be adjudged without the said W. H.
Manderfield or his administrator was a party to the
suit, as it is a universal rule in equity that, upon a bill
for an accounting, the party against whom a balance is
found will be decreed to pay it.   Suppose the balance
should be found against W. H. Manderfield.   It could
not be decreed against his estate, for the reason that
his administrator is not a party.   It could not be decreed
against the complainant, for the reason that, as an
assignee, she is not liable for the partnership obliga-
tion.   And yet, whether she has an interest in the part-
nership, or acquired anything under the assignment,
can be determined only by a final and conclusive settle-
ment of the partnership accounts between all the part-
ners, or their representatives.   Yet in this case W. H.
Manderfield, one of the partners, or his administrator,
is not made a party.   Manifestly, this is an incurable
defect.   No decree can be made for an accounting until
all the partners, or their representatives, are made par-
ties.   "The court can not enter a decree in a suit in the

absence of a party whose rights must necessarily be affected by such decree, and the objection may be taken at any time upon the hearing, or in the appellate court. Coiron et al. v. Millaudon et al., 19 How. 113.

It may, however, be urged that the court should not have dismissed the bill, but have allowed the proper parties to have been brought in by a supplemental bill. It is doubtless the general rule that a bill in chancery will not be dismissed for the want of proper parties, but it is not universal. It must depend, to a great extent, upon the circumstances of the case. If the evidence had shown that there had been a full accounting of the assets of the partnership, and that all the firm debts had been satisfied, and that W. H. Manderfield's obligations to his copartners had been adjusted, and there was a balance due the complainant, the court would have allowed the administrator of the assignor to have been made a party, so that a decree could have been made in favor of the complainant for the amount thus found to be due her. But there was no motion to amend, to make the administrator a party. She chose to stand upon the bill as it had been presented. The bill appears to have been filed, and the evidence introduced in support of it, upon the theory that the complainant, by virtue of the assignment to her by W. H. Manderfield, had a right of action against the copartners of her assignor for sums that he may have advanced for the use of the firm, or for credits that might appear upon the books in his favor. Even in that view of the case, the master finds that the evidence does not support the allegations of the bill. But the theory is erroneous; and if he had found, from the evidence introduced, that there was a balance in her favor, it would still be far short of being sufficient to support a decree in her favor, even if the proper parties had been joined in the bill, as it would not show that such a balance was the result of a final settlement of the entire

partnership business, nor does it appear that such a balance could be ascertained. Under these circumstances, there was no reason for an amendment bringing in other parties. Therefore, for the reason given, the bill, as a bill for an accounting, was fatally defective, for the want of an indispensable party,—the administrator of W. H. Manderfield. Bank of Railroad, 11 Wall. 625; Campbell v. Zabriskie, 8 N. J. Eq. 738; Coiron v. Millaudon, 19 How. 113.

As to the question in regard to exhibit C (the assignment) being excluded by the master from the evidence, it becomes immaterial, as in our consideration of the case we have assumed the assignment to be in evidence. In regard to the exception that the master failed to make a finding on the issue of the sanity of the assignor, W. H. Manderfield, at the time of making the assignment to the complainant, such failure would not be error that she could complain of, as it is equivalent to finding that issue in her favor. Nor are we prepared to say that the findings of the master and the conclusions of the chancellor upon the merits of the case as presented by the evidence should not be sustained, if all other questions were out of the way.

ASSIGNMENT: sanity of assignor: finding of master.

The evidence furnishes no basis by which a correct balance could be struck between the dead and the surviving partners, or by which an equitable adjustment of the partnership business could be made. The claim of the complainant is attempted to be made out by vague and uncertain imputations of fraud on the part of the other partners; and in such cases it has been said that "where actual fraud is not made out, but the imputation rests upon conjecture, where the seal of death has closed the lips of those whose character is involved, and lapse of time has impaired the recollection of transactions, and obscured their details,—the welfare of society demands the rigid enforcement of the

FRAUD: failure of proof: dismissal of bill.

rules of diligence. The hourglass must supply the ravages of the scythe, and those who have slept upon their rights must be remitted to the repose from which they should not have been aroused. Hammond v. Hopkins, 143 U. S. 274, 12 Sup. Ct. Rep. 418.

We think the court below was right in dismissing the bill, but that it should have been without prejudice; and therefore the judgment of the court below is affirmed, but without prejudice to the complainant.

FREEMAN and McFIE, JJ., concur.