JOHN T. COLLINS

*v.*

J. S. D. MANVILLE.

*Opinion filed December 22, 1897.*

1. LIMITATIONS—*when suit must be brought on note made and payable in foreign State.* Where a note is executed and made payable in a foreign State, the cause of action arises there, and a suit on the note brought in Illinois must be begun within the time limited by the laws of the foreign State for bringing suit.

2. SAME—*issue and delivery of summons is the commencement of suit.* The issuing of summons, and its delivery to the sheriff, are the commencement of a legal action in this State.

3. SAME—*when cause of action is not barred by reason of failure to obtain personal service within limitation.* Where a suit is begun in Illinois by the issue and delivery of summons on a cause of action accruing in another State, within the time limited by the laws of the latter State, the suit is not barred because of failure to obtain service on the defendant within sixty days after the expiration of that time, as required by the law of the latter State, particularly where such law provides for service of summons by publication.

4. PROCEDURE—*after commencement of suit the form and procedure are governed by law of the forum.* Where suit is begun in Illinois on a cause of action arising in a foreign State, within the time limited by the laws of the latter State, the questions of form and procedure will be governed by the laws of Illinois.

*Collins* v. *Manville*, 69 Ill. App. 594, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

OLIVER & MECARTNEY, for plaintiff in error.

PECKHAM & BROWN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the circuit court of Cook county the defendant in error recovered a judgment for $8280.80 upon a promissory note payable to his order, dated September 1, 1886, for $5250, payable twelve months after date, with interest at the rate of six per cent per annum, and the judgment has been affirmed by the Appellate Court.

The note was made and executed in the State of New York, and the cause of action arose there. Defendant has been a citizen and resident of that State since the year 1883, and plaintiff lived in New Jersey when the note was made and until December, 1886, since which time he has been a citizen of Colorado. The time within which suit could be brought in this State was therefore governed by section 20 of our statute in regard to limitations, and if by the laws of the State of New York an action on the note could not be maintained by reason of the lapse of time, the action could not be maintained in this State. That defense was pleaded and interposed at the trial, and the New York statutes were admitted in evidence by written stipulation. The New York code requires that an action of this kind must be commenced within six years after the cause of action has accrued, and this suit was commenced August 31, 1893, by plaintiff filing a *præcipe* and declaration, and causing a summons to be issued and given to the sheriff, directing him to summon the defendant to appear at the next term of the circuit court. An action

on the note was not barred at that time in the State of New York, and under our statute such action could be maintained here. The issuing of the summons and delivery to the sheriff for service were the commencement of action in this State. *Feazle* v. *Simpson*, 1 Scam. 30; *Chicago and Northwestern Railway Co.* v. *Jenkins*, 103 Ill. 588; *Schroeder* v. *Merchants and Mechanics' Ins. Co.* 104 id. 71; *Fairbanks* v. *Farwell*, 141 id. 354.

The court instructed the jury, in substance, that if the plaintiff, within six years from the maturity of the note, caused summons to be issued and given to the sheriff of Cook county for service, then the action was not barred. It is claimed that this instruction was erroneous because of what occurred after the commencement of the suit, and by reason of further provisions of the New York code as to what should be deemed the commencement of an action in that State. The provisions in question are, in substance, that an action is commenced, within the meaning of the Limitation act of New York, when the summons is served on the defendant, or on a co-defendant who is a joint contractor or otherwise united in interest with him, and that an attempt to commence an action is equivalent to the commencement thereof when the summons is delivered to the sheriff of the county in which the defendant resides or last resided; but in order to entitle the plaintiff to the benefit of this last provision the delivery must be followed, within sixty days after the expiration of the time limited for the actual commencement of the action, by personal service upon the defendant or by the first publication of the summons against him pursuant to an order for service upon him in that manner. In this case there was no service on the defendant within sixty days after the expiration of the six years. The summons was returned by the sheriff "not found," and successive writs, issued for each succeeding term, were returned in like manner until personal service was obtained, five months after the suit was commenced.

It is argued that although the suit was commenced in time in this State and when it might have been brought in New York, yet because the New York code provides for an abatement of the action on account of a subsequent event which prevents the plaintiff from maintaining or continuing it, the same rule of procedure must be adopted here.    To this proposition we cannot assent.    The form and mode of procedure must be according to the rules of this State.    If it were a question of when an action had been commenced in the State of New York, the laws of that State would govern; but the question here is, when was the action commenced in this State?—and as to that our laws must control.    The question is purely one of remedy and procedure, governed by the law of the forum. The laws of each State require that the action shall be commenced within a certain time, and it was commenced within that time.    It would not only be contrary to all established rules to adopt the procedure of the New York code and abate the action lawfully commenced, but also most unjust, for the reason that the New York code provides a method by which the plaintiff could maintain his action by publication of summons within the time.    .Our law does not permit such service in an action of assumpsit, and to apply the New York rule would be to deprive him of the benefit of that rule as to service by publication, and cut off his rights by means of the other branch of the rule.

The only other complaint is, that the court refused to grant a new trial on account of newly discovered evidence. The evidence was of a cumulative character and not conclusive of the rights of the parties, and the court did not err in denying the motion for a new trial.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*