UNITED STATES v. MILLER et al.

SAME v. ROBINSON et al.

(Circuit Court, D. Oregon. September 28, 1908.)

Nos. 3,131, 3,132.

1. COURTS (§ 335*) — FEDERAL COURTS — PRACTICE OF STATE COURTS—ACTION—COMMENCEMENT—SUIT IN EQUITY.

The commencement of a suit in equity in a federal court is not governed by the local statute for the commencement of actions in the state courts, but by the equity practice and procedure.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 902–907½; Dec. Dig. § 335.*]

2. LIMITATION OF ACTIONS (§ 118*) — "COMMENCEMENT OF A SUIT" — PROCEEDINGS CONSTITUTING.

To constitute the "commencement of a suit" in equity in a federal court, which will stop the running of the statute of limitations, there must be the filing of a bill and the due issuance of a writ of subpœna, which must come to the hands of the serving officer with intent that it be served, and there must be a bona fide attempt to serve it, followed, if unsuccessful, by reasonable diligence to procure service through further or additional process.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 527, 528; Dec. Dig. § 118.*

For other definitions, see Words and Phrases, vol. 2, pp. 1281–1286.]

3. LIMITATION OF ACTIONS (§ 119*)—ISSUANCE AND SERVICE OF PROCESS.

At the time of the issuance of the subpœna in a suit in equity in a federal court the defendant was absent from the district, and remained absent for several days, although he had an office and his residence therein. The marshal testified that because of such absence he was unable to serve the subpœna when received, and that during its life he made frequent inquiries by telephone at defendant's office and residence, and was each time informed that he was not at home, and therefore returned the subpœna without service. Something over two months after return day an alias subpœna was issued, which was served. *Held*, that there was a bona fide attempt by the marshal to make the service, and that reasonable diligence was used in that behalf and in the issuance and service of the alias subpœna, so that for the purpose of arresting the running of the statute of limitations the suit was commenced on the date of the filing of the bill.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 529–535; Dec. Dig. § 119.*]

In Equity. On plea of statute of limitations.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John McCourt, U. S. Atty.
A. H. Tanner, for defendants.

WOLVERTON, District Judge. This suit was instituted to set aside a patent conveying a tract of the public lands, on the grounds of fraud practiced upon the general government, inducing its issuance. The patent bears date May 8, 1901. The bill of complaint was filed March 22d previous. A subpœna was issued on the day of the filing of the bill, and was made returnable May 6, 1907. There being no service, an alias subpœna was issued July 16th, and personal service of the same was had on July 31, 1907. The defendant Kribs has interposed a plea of the statute of limitations in bar of the suit, and the only question now presented for consideration is whether the statute had run prior to the commencement of the suit. The limitation prescribed by the statute relative to suits instituted to vacate and annul patents issued by the government is six years.

Some testimony was offered and admitted at the hearing. On the part of Kribs it was shown that he had an office in the city of Portland, Or., between the date of the filing of the bill and that of the service of the alias subpœna, and that he was regularly about his office during the entire period of such interval of time, with the exception of ten days' or two weeks' absence to San Francisco, Cal., and four days to Spokane, Wash. It appears, further, that he departed for San Francisco about March 20th. Kribs during the time had a residence within the city of Portland, and made that his abode with his family, consisting of his sister-in-law and two children. On the part of the government it was shown that the subpœna came into the hands of the marshal on the day it was issued; that the marshal endeavored to make personal service of the same, but was unable to do so by reason of Kribs' absence from the city; that he subsequently made frequent inquiries at Kribs' office and at the latter's house or residence over the telephone, but was informed that he was not about or within the city; that the marshal was unable to find Kribs within the life of the subpœna, and so returned the same, stating the fact that Kribs could not be found, and that service could not, therefore, be made upon him. There was no effort to make substituted service at the place of residence.

It is suggested that the commencement of a suit in equity in the federal court is governed by the local statute for the commencement of actions within the state court; but such is not the rule. The solution of the question when a suit is begun is to be sought wholly within equity practice and procedure. Within the decision of the case of United States v. American Lumber Co., 85 Fed. 827, 29 C. C. A. 431, there must, of course, be the filing of a bill, which must be followed by the suing out of process, or, in other words, the due issuance of the writ of subpœna, which must come to the hands of the serving officer with intent that it shall be served. When these things are done, the suit is commenced. Even then, however, the process will not avail to stay the running of the statute of limitations unless the delivery of the writ of subpœna "be followed either by a service of

the same or by a bona fide effort to serve it." Yet even a bona fide effort will not avail, unless it also is followed by timely proceedings, or, as I take it, by reasonable diligence in procuring service, either personal or substituted. See United States v. American Lumber Co., supra. From this statement in negative form, the positive rule is deducible that to stay the statute there must be a bona fide attempt to serve the writ of subpœna after it has come into the hands of the serving officer, which, if unsuccessful, must be followed by timely proceedings or reasonable diligence to procure service through further or additional process. Does the government bring itself within this rule?

Kribs was out of the district when the subpœna was delivered to the marshal for service, and remained out, concededly, for ten days or two weeks; and, from the statement of the marshal, he could not be found about his office, or his whereabouts ascertained, for a much longer time—indeed, throughout the entire life of the subpœna. That the marshal used the telephone to ascertain whether Kribs was at his office or place of residence, or to obtain knowledge of his whereabouts, rather than going in person to make direct inquiry by word of mouth, cannot be assigned as a lack of diligence. The telephone is one of the most available and speedy means of acquiring information at the present time. If the effort failed of its purpose in the present case, it must have been because of misinformation given out in answer to the inquiries made, and therefore Kribs should be the last person to complain.

But, recurring to the dry question whether there was a bona fide attempt to serve the subpœna, it must be resolved in the affirmative. It is true that no attempt was made to make substituted service at Kribs' residence; but a bona fide attempt to serve does not require that every source by which service might be accomplished should have been exhausted. It is sufficient if the officer in good faith, or with a real purpose to serve, made reasonable effort to accomplish his purpose. The evidence shows to my mind that he did this. There was some delay in making the return and issuing the alias subpœnas, but not unreasonable or unwarranted. There was manifestly a direct and continuing purpose all the while to accomplish the service, and the diligence displayed looking to that end must be considered to have been reasonable diligence.

The plea, therefore, that the suit is barred by the statute of limitations, should be held to be insufficient, and it is so considered.