## ISAACKS v. JEFFERS.
### No. 2867.

Circuit Court of Appeals, Tenth Circuit.
July 26, 1944.

Rehearing Denied Aug. 25, 1944.
Writ of Certiorari Denied Dec. 4, 1944.
See 65 S.Ct. 270.

O. O. Askren, of Roswell, N. M. (G. T. Watts, of Roswell, N. M., on the brief), for appellant.

Edwin Mechem, of Las Cruces, N. M. (Seth & Montgomery, of Sante Fe, N. M., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

S. J. Isaacks, independent executor of the last will and testament of Martin V. Jeffers, deceased, instituted this action on March 8, 1940, against J. H. Jeffers and others, in the District Court of the United States for the District of New Mexico. Summons issued March 8, 1940 was returned unserved June 26, 1940, because plaintiff had failed to advance the marshal's fees and expenses. An alias summons issued July 20, 1940, was returned unserved August 12, 1941, for a like reason. Another alias summons was issued May 18, 1942. It was served on J. H. Jeffers on June 19, 1942. An amended complaint was filed August 3, 1942. On December 11, 1942, a second amended complaint was filed in which J. H. Jeffers was named as the sole defendant.

The original complaint in substance alleged that during his lifetime Martin V. Jeffers was the owner of a string of cattle branded RUN; that he and the defendant

J. H. Jeffers were partners owning an equal interest in a string of cattle branded PX; that other members of the family also had their individual brands of cattle; that all these cattle were run together; that J. H. Jeffers was the manager and in charge of the RUN brand, the PX brand, as well as the brands belonging to other members of the family; that the defendant moved these cattle about from place to place, and bought and sold them at will; that in 1929 it was determined that a certain part of the common herd should be sold for the purpose of buying a large ranch in New Mexico; that an oral agreement was entered into between Martin V. Jeffers and all of the defendants; that J. H. Jeffers purchased the ranch for the benefit of all the parties; that a written memorandum was drawn up but was not signed; that the agreement provided that the cattle should be placed in a common herd on the ranch and that the ranch and cattle should be owned by the parties in the proportions set out in the agreement. The complaint further alleged that Martin V. Jeffers was the owner of a large herd of cattle operated under the management of J. H. Jeffers in the Republic of Mexico; that J. H. Jeffers and the other defendants refused to account for such cattle; that J. H. Jeffers as manager had sold numerous livestock from the herd in Mexico and had refused to account for them, and had converted the proceeds to his own use.

The prayer of the complaint was that J. H. Jeffers be required to account to plaintiff for the interest of Martin V. Jeffers in the common herd and that the interest of Martin V. Jeffers in the cattle and the real estate in the New Mexico ranch be determined and ascertained.

The amended complaint differed from the original complaint primarily in that it eliminated the allegations regarding the real estate constituting the New Mexico ranch and eliminated from the prayer any request for any interest in the real estate. The second amended complaint eliminated all the defendants except J. H. Jeffers and proceeded against him alone. It sought an accounting for the cattle branded RUN, which it is alleged J. H. Jeffers ran, handled and disposed of as the agent of Martin V. Jeffers, and an accounting of the PX cattle, owned by the partnership composed of Martin V. Jeffers and the defendant, J. H. Jeffers.

The answer denied that Martin V. Jeffers owned the RUN cattle or any interest in the PX cattle subsequent to 1924. It also pleaded the statute of limitations and laches, and that Elvira Jeffers, Martin Jeffers, Claxton Jeffers, Otis Jeffers, D. L. Jeffers, Herbert Jeffers, and W. B. Jeffers were indispensable parties. At the conclusion of the trial, the court ruled that the statute of limitations did not bar the action, but that the absence of indispensable parties required a dismissal of the action. It is from this ruling that the appeal is taken. The parties will be referred to as they appeared in the court below.

The case not having been determined on its merits, the facts will be considered only in so far as they bear upon the legal questions presented by the appeal. Whether the statute of limitations is a bar to the maintenance of the action depends upon two questions, first, whether the original complaint was filed in time, and if it is determined that it was, secondly, upon whether the amended complaint relates back to the time of the filing of the original complaint.

The statute of New Mexico controls the time within which such an action as this must be filed. Under Sec. 27-104, N.M. Stat.1941 Ann., such an action as this is barred unless it is brought within four years after it accrues. Sec. 27-106 of the same statute, among others, provides that an action for conversion shall not be deemed to have accrued until the conversion complained of shall have been discovered.

Plaintiff testified that shortly after the death of Martin V. Jeffers, he had a conversation with his children, including the defendant, in which he asked which of them had charge of deceased's cattle in Mexico; that the defendant replied that he had, and that he promised to supply the information concerning the same; that when he did not come in, plaintiff wrote him about March 24, 1938, asking him again to furnish the required information; that about a week later defendant came in and stated that he had nothing that belonged to his father. This fixes the time of the alleged conversion as of about April 1, 1938. The original petition filed March 8, 1940, was filed within ample time. But it is urged that the filing of the complaint did not toll the running of the statute of limitations because plaintiff did not diligently

procure the service of summons prior to the expiration of the four year statutory period. The summons was served on defendant approximately sixty days after the four year period had expired.

■ The law of New Mexico controls as to the time within which an action must be commenced. However, the manner in which actions are commenced, when actions are deemed to have begun, the manner and method of serving process, all relate to procedure and are governed by the law of the forum in which the action is instituted. Collins v. Manville, 170 Ill. 614, 48 N.E. 914, 915, involved an action which arose in New York but was brought in the state courts of Illinois. The case involved the New York statute of limitations and also the question whether it had been filed in Illinois before the expiration of the New York statute of limitations. The Illinois court said:

"The form and mode of procedure must be according to the rules of this state. If it were a question of when an action had been commenced in the state of New York, the laws of that state would govern, but the question here is when was the action commenced in this state, and as to that our laws must control."

Bond v. Pennsylvania R. Co., 124 Minn. 195, 144 N.W. 942, 943, concerns an action for wrongful death in Pennsylvania. The action was brought in Minnesota. The opinion of the Minnesota court states:

"* * * But the means by which our courts acquire jurisdiction, and the time at which the action is deemed as commenced, and all other matters pertaining to the procedure and to the remedy are determined and governed exclusively by our own statutes."

In Goldenberg v. Murphy, 108 U.S. 162, 2 S.Ct. 388, 27 L.Ed. 686, the Supreme Court held that when a suit was brought in the state court, the laws of that state will control in interpreting the provisions of a federal statute of limitations as to what constitutes the commencement of a suit.

Prior to the adoption of the Rules of Civil Procedure for the district courts of the United States, an action in a federal court of equity was deemed to have been commenced so as to interrupt the running of the statute of limitations by the filing of a complaint with a bona fide intent to prosecute the suit diligently, provided there was no unreasonable delay in the issuance or the service of the summons.[1]

■ We are of the opinion that since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, we must now look to Rules 3 and 4 to determine when the action was commenced. Rule 3 provides that "a civil action is commenced by filing a complaint with the court." Rule 4 provides that: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants." Under these rules we think the action was commenced and the running of the statute interrupted by the filing of the complaint, although the process was not actually served until slightly more than sixty days after the expiration of four years from the accrual of the action.[2]

■ The conduct of a plaintiff subsequent to the filing of a complaint might be such as would constitute an abandonment of the action. That situation is, however, not present here. There is nothing in the record from which a legal conclusion of lack of good faith in the prosecution of the action or abandonment thereof can be inferred. Failure of the plaintiff to procure service of summons for slightly more than sixty days after the expiration of the period of limitation does not in itself constitute lack of due diligence or show abandonment of the cause of action. The trial court evidently failed to find such conduct, because it concluded that the statute of limitations was no bar to the prosecution of the action.

■ The further contention is made that in any event the second amended complaint stated a new cause of action against the defendant J. H. Jeffers and is clearly barred by the statute of limitations. Rule 15(c) of the Rules of Civil Procedure provides that:

1 See: Linn & Lane Timber Co. v. United States, 236 U.S. 574, 576, 35 S.Ct. 440, 59 L.Ed. 725; United States v. Miller, C. C., 164 F. 444, 445, 446; United States v. Hardy, 4 Cir., 74 F.2d 841, 842; Maier v. Independent Taxi Owner's Ass'n, 68 App. D.C. 307, 96 F.2d 579, 581.

2 Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161, 162; Gallagher v. Carroll, D.C., 27 F.Supp. 568; Schram v. Koppin, D.C., 35 F.Supp. 313, 314; Schram v. Costello, D.C., 36 F.Supp. 525, 526.

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

All three pleadings centered around the same transaction—the handling and management of the RUN and PX brand of cattle. Each complaint sought an accounting from this defendant. The only difference in the three complaints was that in the first two, plaintiff also sought an accounting from others than this defendant. The claim in each complaint was asserted with respect to the same cattle and in a large part arose out of the conduct, transactions and occurrences set forth in the original complaint. We are of the opinion that the second amended complaint related back to the filing of the original complaint.

In 1930 a partnership was formed under the name of J. H. Jeffers and Sons. It was composed of J. H. Jeffers, David L. Jeffers, Claxton Jeffers, Martin Jeffers, Otis Jeffers, W. B. Jeffers, and Herbert Jeffers. All the parties to this agreement transferred their individual registered brands to the partnership. Martin V. Jeffers also transferred his RUN brand and his interest in the PX brand to the partnership, apparently without the receipt of any consideration by him. The trial court concluded that the remaining members of this partnership were necessary and indispensable parties to the action and that no final decree could be entered in their absence. The court accordingly dismissed the complaint for want of indispensable parties. But plaintiff seeks no relief against the members of the partnership. His complaint is against the conduct of J. H. Jeffers. His complaint alleged that in 1905 Martin V. Jeffers owned the RUN cattle and a one-half interest in the PX cattle; that in 1906, reposing trust and confidence in his son J. H. Jeffers, he invested him with complete authority to manage and operate these cattle; that J. H. Jeffers acted in a fiduciary capacity in his handling of these cattle; that during this time the defendant branded, bought, sold, and mortgaged cattle, moved them in and out of Mexico, and in and out of other states; that during this time he sold cattle, received the proceeds, and deposited them in his individual account; that at times he paid over to Martin V. Jeffers small sums of money, but that he has never made an ac-

counting of his trust and owes plaintiff large sums of money; that shortly after the death of Martin V. Jeffers, defendant admitted the existence of such management by him of the cattle of Martin V. Jeffers, but shortly thereafter denied that at his death Martin V. Jeffers owned any cattle, and refused to make any accounting. The only party necessary to a complete accounting between plaintiff and the defendant of his alleged management and operation of Martin V. Jeffers' personal property and his interest in the PX cattle is the defendant himself. He could not escape any personal liability incurred by him in such operations simply because the property has been transferred to the partnership. Plaintiff does not seek the establishment of an interest in the property of the partnership. He only seeks a personal judgment against the defendant for any loss suffered from any breach of duty he owed to Martin V. Jeffers as his alleged trusted manager. And this he may have, without the presence of any other person defendant.

Reversed and remanded, with directions to proceed in conformity with the views expressed herein.

BRATTON, Circuit Judge (dissenting).

Generally, there are three classes of parties. They are proper parties, necessary parties, and indispensable parties. Proper or formal parties are those not interested in the controversy between the immediate parties but have an interest in the subject matter which may be conveniently settled in the suit. Necessary parties are those who have an interest in the subject matter and who are within the jurisdiction of the court, but are not so indispensable to the relief asked as would prevent the court from entering a judgment in their absence. Indispensable parties are those whose interests are so bound up in the subject matter of the litigation and the relief sought that the court cannot proceed in their absence to a final judgment without affecting their interests. And indispensable parties include those who have such an interest in the controversy or its subject matter that a final judgment between the other parties before the court cannot be rendered without leaving the controversy in such a situation that its final determination may be inconsistent with equity. Jennings v. United States, 8 Cir., 264 F. 399.

Approximately ten years prior to the institution of this action, Martin V. Jeffers

executed a bill of sale purporting to convey to J. H. Jeffers and Sons all of his right, title, and interest in the cattle bearing the RUN brand, and those bearing the PX brand. J. H. Jeffers and Sons was a partnership, and the members of the partnership have operated the business continuously ever since. If valid, that conveyance had the effect of dissolving the partnership previously existing to which Martin V. Jeffers was a party. In order for the executor of the estate of Martin V. Jeffers to prevail, the conveyance must be set aside or its effect circumvented in some manner. It is settled law in New Mexico that a contract, or conveyance of property, cannot be annulled without all parties to it, or their legal representatives, being parties to the action. Page v. Town of Gallup, 26 N.M. 239, 191 P. 460. Under recognized principles of long standing, an accounting cannot be had for the period subsequent to the execution of the conveyance without the members of the partnership being parties, along with J. H. Jeffers. De Manderfield v. Field, 7 N.M. 17, 32 P. 146.

Coming to the question of limitations, the original complaint was filed in March, 1940, about two years after the cause of action accrued. Summons was issued on the day of the filing of the complaint, the Marshal requested the then attorney for plaintiffs to advance the required fees for service, the request was ignored, and the process was seasonably returned not served. In July, 1940, alias summons was issued, the Marshal again requested the attorney to advance the necessary fees, again the request was ignored, and the process was returned not served. In May, 1942, more than two years after the filing of the original complaint, and more than four years after the cause of action accrued, a second alias summons was issued, present counsel for plaintiffs promptly advanced the fees, and service was had on J. H. Jeffers. But the process served on him was issued and served after the four-year period had expired.

The mere filing of a complaint within the four-year period, without more, is not enough to interrupt the running of the statute. It must be followed by reasonable diligence in causing process to be issued and service had on the defendant. Linn & Lane Timber Co. v. United States, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725; United States v. Hardy, 4 Cir., 74 F.2d 841. And prepayment of fees for service of process on proper demand is part of the diligence required to toll the statute. Maier v. Independent Taxi Owner's Ass'n, 68 App.D. C. 307, 96 F.2d 579. The repeated failure on request to advance the sum necessary for fees—extending over a period of two years and until after the four-year period expired—constituted a lack of diligence. The statute was not interrupted. The judgment should be affirmed.