**Chester Lee MOHLER, Appellant,**

v.

**Earl MILLER, Orville Phillippe, John Truchly, Joseph Brown and Peppino Puleo, Appellees.**

**No. 12782.**

United States Court of Appeals
Sixth Circuit.

June 29, 1956.

Lawrence E. Eaton, Detroit, Mich., Paul T. Dwyer, Nathaniel H. Goldstick, Detroit, Mich., on the brief, for appellees.

Chester Lee Mohler, Jackson, Mich., pro se.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The appellant was sentenced in the Recorders Court of the city of Detroit on his plea of guilty, for the crime of breaking and entering in the nighttime. He had been arrested on September 3, 1953 by five Detroit police officers and contends that the arrest without a warrant, the search of his home, the confiscation of his property were in violation of his constitutional rights. On August 25, 1955, he filed a complaint with the clerk of the district court against all five arresting officers for damages suffered by alleged false arrest and imprisonment under color of law and in violation of his constitutional rights. Upon motion of the defendants, his complaint was dismissed as not filed within the limitation fixed for like actions by the Michigan statutes.

As submitted to us upon briefs and argument, the controlling issue is whether his suit was timely. The statute involved is § 609.13, Mich.C.L.1948 which provides that actions for false imprisonment or malicious prosecution shall be brought within two years from the time the cause of action accrues, and not afterwards. If his action was begun by the filing of his complaint it was within time. Under Rules 3 and 4, Federal Rules of Civil Procedure, 28 U.S.C.A., an action is commenced by the filing of a complaint, the issuance forthwith by the clerk of a summons and its delivery to the marshal for service. It is the filing of

the complaint, when followed by the lodging of the writ with the marshal, that tolls the statute of limitations.

The appellees based their motions for dismissal on the fact that the appellant had failed to pay the filing fee and that the clerk was, therefore, not authorized to issue the summons until the fee was paid. It appears however, that the appellant accompanied his complaint by a petition to be allowed to proceed in forma pauperis and though the petition was neither signed nor verified, its receipt by the clerk was acknowledged and it was not returned to him. On October 7, 1953, the district judge considered the forma pauperis petition and granted it, whereupon, the clerk issued the summons and placed it in the hands of the marshal. On that date the period of limitation had run. Our question, therefore, is whether the appellant's action was begun when his complaint was lodged with the clerk or whether it was begun when the summons issued and was lodged for service with the marshal.

■■ Jurisdiction of the controversy is based upon the Civil Rights Act, § 43, Tit. 8 U.S.C.A.,* which, so far as is pertinent, provides: "Every person who, under color of any statute, * * * subjects * * * any citizen * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law * * *." The right sought to be enforced, however, is a creation of the state and the period during which the right may be enforced is governed by the limitation put upon it by the state. Isaacks v. Jeffers, 10 Cir., 144 F.2d 26; Bomar v. Keyes, 2 Cir., 162 F.2d 136; Glebus v. Fillmore, D.C., 104 F.Supp. 902. Opinion by Judge Hincks now Second Circuit Judge. The two-year limitation of the Michigan statute would, therefore, bar the suit, if it had not been begun in time.

■ This does not, however, answer the question as to when the appellant's action was begun. In a well considered

opinion in Isaacks v. Jeffers, supra, it was held that where a complaint was filed in the Federal District Court before the expiration of the statute of limitations, the action was commenced and the running of the statute was interrupted by the filing of such complaint although process was not actually served until more than 60 days after the expiration of the limitation period. While state law controls the time within which an action must be begun, the manner in which an action is commenced and when it is deemed to have begun, are governed by the law of the forum. These matters are procedural and not substantive. This reasoning was approved and followed by Judge Learned Hand in Bomar v. Keyes, supra [162 F.2d 140], wherein it was explicitly held: "However, we now hold that it is the filing of the complaint which tolls the statute. We think that Rules 3 and 4(a) of the Rules of Civil Procedure, 28 U.S.C.A. * * * have made no longer applicable § 17 of the New York Civil Practice Act, which fixes the beginning of the action at the date when the writ is served, or is put into the sheriff's hands for service." While it was recognized in Isaacks v. Jeffers that the conduct of the plaintiff, subsequent to the filing of a complaint, might be such as would constitute an abandonment of the action, there was nothing in the record of that case from which a legal conclusion of abandonment could be inferred. So, too, is there nothing in the conduct of the appellant that would raise such inference. He filed his complaint on time; he indicated clearly enough that he wished to proceed in forma pauperis; his petition for authority to do so was deemed sufficient by the district judge, who acted upon it and granted it; and his appeal from the order of dismissal was timely.

Nor is this a case where "the limitation is annexed as a condition to the very right of action created. The Civil Rights Act is not cast in that form; and when a right is not so conditioned, the statute of limitations is treated as going to the remedy." Bomar v. Keyes, supra, 162

* Now 42 U.S.C.A. § 1983.

F.2d at page 140. There is no such condition in the Michigan statute.

The question that still lurks in the case is whether there was a filing of the complaint, when the filing fee was not paid. We think it is answered by Isaacks v. Jeffers, supra. There was there no question of failure to pay the filing fee but the plaintiff had failed to advance the fees and expenses of the marshal for serving the summons although notified so to do. He also failed to pay the fees for the service of alias summons, until more than 60 days after the filing of the complaint when his lawyer advanced the fees of the marshal. We see no valid distinction between delay in paying the marshal and the failure to pay the filing fee, when the granting of the petition in forma pauperis no longer required it. The order of dismissal is reversed, and the cause is remanded to the district court for further proceedings not inconsistent herewith.