Osborn Levert CALDWELL,
Plaintiff–Appellant,

v.

MARTIN MARIETTA CORPORATION,
Defendant–Appellee.

No. 79–2303.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 15, 1980.

Julius L. Williams, Orlando, Fla., for plaintiff–appellant.

Akerman, Senterfitt & Eidson, Christopher A. Detzel, Thomas C. Garwood, Jr., Orlando, Fla., for defendant–appellee.

Before HILL, KRAVITCH and HATCH-ETT, Circuit Judges.

HATCHETT, Circuit Judge:

When does a cause of action commence under the Federal Rules of Civil Procedure so as to toll a statute of limitations? We hold that an action commences upon the filing of a complaint, without the further requirement that plaintiff assure speedy service of process.

The facts and threshold issues in this case are clearly set out in portions of the trial court's memorandum opinion and order. It states:

### "MEMORANDUM OPINION AND ORDER

\*     \*     \*     \*     \*     \*

"I.  *Nature of the Action*

"This action was originally brought by Plaintiff pursuant to 42 U.S.C. § 1981, alleging racial discrimination in employment against the Defendant, Martin Marietta Corporation. Defendant moved to dismiss the original Complaint on the ground the suit was time–barred for Plaintiff's failure to comply with the applicable state statute of limitations. Thereafter, and prior to any ruling by the Court on Defendant's motion to dismiss, the Plaintiff filed an Amended Complaint asserting a claim for relief based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, in addition to realleging his original claims of racial discrimination in violation of 42 U.S.C. § 1981. In due course, the Defendant, Martin Marietta Corporation, filed its Motion to Dismiss Amended Complaint and/or Motion for Summary Judgment, which is presently before the Court for determination. The decisive question raised is whether Plaintiff timely brought his action against the Defendant, Martin Marietta Corporation, pursuant to the applicable statutory limitations provisions.

"II.  *Background of the Case*

"The events leading up to the institution of this lawsuit began on January 31, 1975 when Plaintiff, Osborn Levert Caldwell was laid off from active employment with the Defendant, Martin Marietta Corporation. On February 7, 1975 Mr. Caldwell filed a charge with the Equal Employment Opportunity Commission (hereafter "EEOC") alleging that his lay–off was discriminatory because he was black. On April 29, 1977, the Miami District Office of the EEOC issued its determination denying Mr. Caldwell's allegations of discrimination on the merits, and issued him a "Notice of Right to Sue" based on the EEOC's no reasonable cause finding.

"By affidavit filed in opposition to Defendant's Motion, Plaintiff asserts receipt of the Notice of Right to Sue on May 6, 1977. The 90 day period provided in Title VII for a private Plaintiff to bring suit therefore expired on August 4, 1977. On August 3, 1977 Plaintiff filed in the U.S. District Court for the Middle District of Florida his original Complaint alleging racial discrimination and asserting a claim for relief solely upon the Civil Rights Act of 1866, 42 U.S.C. § 1981. By letter of the same date the Clerk of this Court acknowledged receipt of the Complaint, and advised Plaintiff that no service had been made on Defendant because the proper forms had not been filled out and did not accompany the Complaint. The Clerk enclosed the proper forms with his letter and gave instructions to the Plaintiff for their completion and return.

"Approximately one year and one month later, on September 6, 1978, the Clerk of the Court again wrote to the Plaintiff stating that although Plaintiff had been sent the appropriate summons to be filled out and returned, no such summons had been received as of that date. The clerk advised Plaintiff if he intended to pursue his suit, that he should complete the forms and the enclosed summons and return it to the clerk's office. In closing, the clerk further advised the Plaintiff if he did not intend to pursue the lawsuit, then he should file a notice of voluntary dismissal.

"No response was received to the clerk's September 6, 1978 letter. Some two weeks later, on September 21, 1978, this Court

issued an Order to the Plaintiff directing him to show cause within 20 days from that date why his action should not be dismissed for failure to prosecute pursuant to Rule 41(b) Federal Rules of Civil Procedure.

"On October 4, 1978, the clerk's office received a letter from the Plaintiff dated October 3, 1978, with the completed forms, sent a year and two months previous, enclosed. The appropriate summons was issued by the Clerk for service upon the Defendant on that same date. Defendant was served on November 16, 1978.

"On December 5, 1978, Defendant moved to dismiss Plaintiff's Complaint on the grounds that the governing statute of limitations for a 42 U.S.C. § 1981 action had expired. However, on January 15, 1979, Plaintiff filed an Amended Complaint alleging racial discrimination in employment against Defendant, Martin Marietta Corporation, pursuant to 42 U.S.C. § 1981, and asserting an additional claim for relief based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* (hereafter Title VII). Defendant moved to dismiss the Amended Complaint and/or moved for Summary Judgment in its favor, reasserting its contention that the § 1981 claim was barred by the applicable statute of limitations and further asserting that the Title VII claim was not timely brought within the 90 day period set forth in 42 U.S.C. 2000e–5(f)(1).

"III.  *Section 1981 Claim*

"In his memorandum in opposition to Defendant's motions, Plaintiff conceded that his claim under § 1981 for racial discrimination in employment was time–barred on or after January 31, 1977 by the applicable two year State of Florida statute of limitations found in Chapter 95, Florida Statutes. Plaintiff was correct in this assessment of the viability of his § 1981 claim. The case law clearly establishes that § 1981 actions are governed by the appropriate state statute of limitations. In Florida it is the two year period set forth in § 95.11(4)(c) (1977), *Fla.Stat. Johnson vs. Railway Express Agency,* 421 U.S. 454, [95 S.Ct. 1716, 44

L.Ed.2d 295] (1975), *Cutliff vs. Greyhound Lines, Inc.,* 588 F.2d 803 (5th Cir. 1977). This court has previously so held. *Cooper v. Florida Power & Light,* 18 FEP 1189, 1191 (M.D.Fla.1978). Plaintiff's claim for relief under § 1981 must therefore fail.

"IV.  *Title VII Claim*

"Even though the § 1981 claim of the Plaintiff was untimely when filed with the Clerk on August 3, 1977, the Plaintiff filed an Amended Complaint as provided in Rule 15(a), Fed.R.Civ.P., asserting a cause of action based upon Title VII. Plaintiff seeks to have such Amended Complaint relate back to the date of the original pleading pursuant to Rule 15(c), Fed.R.Civ.P., and asserts that if taken from the date of filing of the original action, the Title VII claim was timely commenced.

"Under the 1972 amendments, Title VII provides that a person claiming to be aggrieved has a 90 day period within which to file a civil action upon receipt of his Notice of Right to Sue from the EEOC. It is now well established that this 90 day period is jurisdictional and mandatory. *Alexander v. Gardner–Denver Company,* 415 U.S. 36, [94 S.Ct. 1011, 39 L.Ed.2d 147] (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973); *Pacheco v. Phelps Dodge Refining Corp.,* 531 F.2d 709 (5th Cir. 1976).

"Plaintiff states in his affidavit filed in opposition to Defendant's motion that he received his Notice of Right to sue from the EEOC on May 6, 1977. For purposes of this motion and ruling, this date must be taken as correct. The Plaintiff's original Complaint was filed on August 3, 1977. The 90 day period set forth in Title VII apparently expired on August 4, 1977. Accordingly, the original complaint, although not alleging a Title VII claim, was filed before the expiration of this 90 day period.

"This cause was originally filed solely as a 42 U.S.C. § 1981 case and not as an action based on Title VII. However, as the facts necessary to support a claim for relief under Title VII are nearly identical to the facts which support a claim under § 1981,

the Plaintiff's attempt to file an Amended Complaint alleging the same facts and merely seeking to recover under the additional basis of Title VII as well as § 1981 is permitted, and the amendment relates back to the date of the original pleading. Fed.R. Civ.P. 15(c). For the purpose of determining if the Title VII action is timely filed, therefore, the Court must go back to the time of filing of the original Complaint.

"The undisputed further facts are that the case file herein reveals that although the Complaint was filed on August 3, 1977, no service of process was made on the Defendant due to the Plaintiff's failure to submit the proper forms to the Clerk's office. On August 3, 1977, the Clerk sent a letter to Mr. Caldwell, the Plaintiff, enclosing the proper forms to be filled out, and stating, *inter alia,*

"We will need one Marshal's Service Form and Summons in duplicate. Also, a completed and signed Civil Cover Sheet is required with the filing of a complaint by our Local Rules.

"Further, as the Plaintiff lived in Texas and was not a resident of Florida, a form for designation of local representation was also enclosed.

"Apparently, nothing resulted from this letter. Thus, approximately one year and one month later, on September 6, 1978, the clerk again wrote to Mr. Caldwell, stating, *inter alia,*

"If you intend to pursue your suit please complete the enclosed summons and return to this office. Upon receipt of said summons, they will be sealed and forwarded to the Marshal's office for service. As of this date the Defendants have not been served and therefore do not even know they have been sued.

"Again, apparently no response from the Plaintiff was received. On September 21, 1978, this Court entered its Order directed to the Plaintiff providing:

"... it is

"ORDERED that Plaintiff shall show cause within twenty (20) days from date hereof why this action should not be dismissed for failure of prosecution pursu-

ant to Rule 41(b) Federal Rules of Civil Procedure.

"Finally, after the above Order was entered, the Plaintiff responded on October 4, 1978 by submitting to the Clerk the forms which had been sent one year and two months earlier and requesting the Marshal to bill him for the cost of service.
"....

"Title VII provides a civil cause of action for a private litigant against a private defendant and specifies the time within which the action must be begun. The manner in which it is commenced and when it is deemed to have begun is procedural, however, and is therefore covered by the Federal Rules of Civil Procedure. *See, e. g. Jackson v. Duke,* 259 F.2d 3 (5th Cir. 1958).
"....

"Accordingly, in determining when this action was filed for the purposes of Title VII and notification to the Defendant that it was being sued, the Court finds the appropriate date is October 4, 1978, which is well after the expiration of the 90 day period established in Title VII. Even though the Court construes the original Complaint as sufficient to support a Title VII claim, and even assuming the Amended Complaint alleging a Title VII claim relates back to the date of the original Complaint for purposes of this motion, under the facts of this case the Court finds that the Title VII jurisdictional requirement of compliance with the 90 day limitations period was not met. Accordingly, the Defendant's Motion to Dismiss and for Summary Judgment will be granted as to all the Plaintiff's claims." [End of trial court opinion.]

■ For the reasons stated by the trial court, we agree that Caldwell's 1981 claim fails. We also agree that the amendment of the complaint to assert a claim under Title VII relates back under Federal Rule of Civil Procedure 15(c) to the date of the original complaint stating a claim under § 1981.

We are left to determine whether an action is commenced under the Federal

Rules of Civil Procedure at the time a complaint is filed or at a later time. This is a matter of first impression in this circuit.

Martin Marietta argues that the mere filing of a complaint fails to commence an action and thereby toll a statute of limitations. The trial judge accepted this argument and held that an action commences upon the filing of a complaint only if a plaintiff then exercises "reasonable diligence in undertaking those actions which are necessary to allow a summons to be issued and placed in proper channels so that service within a reasonable time may be made upon the Defendant . . . ." We disagree.

Rule 3 of the Federal Rules of Civil Procedure simply states: "A civil action is commenced by filing a complaint with the court." Several circuits, literally interpreting Rule 3, have held that the filing of a complaint, without more, is sufficient to commence an action. *Moore Co. v. Sid Richardson Carbon & Gas Co.*, 347 F.2d 921 (8th Cir.), *cert. denied*, 383 U.S. 925, 86 S.Ct. 927, 15 L.Ed.2d 845 (1965); *Mohler v. Miller*, 235 F.2d 153 (6th Cir. 1956); *Isaacks v. Jeffers*, 144 F.2d 26 (10th Cir.), *cert. denied*, 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624 (1944).

In *Moore*, the Eighth Circuit persuasively discussed the practical and historical reasons for interpreting Rule 3 as requiring no more than the filing of a complaint to commence an action. The *Moore* Court noted that the rule "unmistakably states in plain, clear, well–understood, and unambiguous language that an action is commenced by filing the complaint. The rule sets forth no additional requirements or conditions." 347 F.2d at 922. The *Moore* Court also recognized that the advisory committee that drafted the Federal Rules of Procedure specifically rejected suggestions that Rule 3 contain a requirement of diligent service of process. This committee stated in its comments upon Rule 3 that "[o]ther rules providing for dismissal for failure to prosecute suggest a method available to attack unreasonable delay in prosecuting an action after it has been commenced." Original Commit-

tee Note of 1937 to Rule 3 *reprinted in* 2 J. Moore Federal Practice ¶ 3.01[2] (1976). *See Fed.R.Civ.P.* 41(b) (authorizing dismissal for failure to prosecute).

In *Isaacks*, the Tenth Circuit likewise refused to place upon a federal complainant the burden of assuring timely service of process in order to toll a limitations period. The *Isaacks* Court noted that Rule 4 places responsibility for service of summons upon federal officials rather than upon a complainant. Rule 4 provides in part that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it." Construing this language in conjunction with Rule 3, the *Isaacks* Court rejected the contention that "the filing of the complaint did not toll the running of the statute of limitations because plaintiff did not diligently procure the service of summons prior to the expiration of the four year statutory period." 144 F.2d at 27–28. We reject the similar argument of Martin Marietta.

■ This court has already expressed a preference for the view that the filing of a complaint alone suffices to toll the running of a statute of limitations. *Shelley v. Bayou Metals*, 561 F.2d 1209 (5th Cir. 1977); *Windbrooke Development Corp. v. Environmental Enterprises, Inc. of Florida*, 524 F.2d 461 (5th Cir. 1977). We have held that the payment of a filing fee is unnecessary to commence an action. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir. 1978). Similar reasoning causes us to hold that an action commences simply upon the filing of a complaint.

■ The only remaining issue is whether Caldwell's action should be dismissed for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or any claim against him." Martin Marietta made such a motion, but the trial judge, having previously dismissed Caldwell's complaint as time–barred, had no occasion to rule upon it. Rule 41(b) requires a trial court to evaluate a plaintiff's diligence in

light of all the circumstances of a case. *Link v. Wabash R. R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Our circuit permits dismissal for failure to prosecute only in cases of intentional misconduct. *Boazman v. Economic Laboratory, Inc.*, 537 F.2d 210 (5th Cir. 1976); *Coon v. Charles W. Bliven & Co.*, 534 F.2d 44 (5th Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); 5 J. Moore Federal Practice ¶ 41.11[2] (2d ed. 1976). The record on appeal lacks the information necessary for assessing Caldwell's conduct in light of all the circumstances in this case. Remand on this issue is therefore appropriate.

In summary, we affirm in part, holding that Caldwell's § 1981 claim is time–barred and that his amended Title VII complaint relates back to the date of his original § 1981 complaint. We reverse in part, holding that the filing of a complaint is sufficient to commence a federal action. We remand to the trial court for consideration of the motion to dismiss for failure to prosecute.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.