**Evelyn J. WATKINS,**
**Plaintiff–Appellant,**

v.

**Manuel LUJAN, Jr., Secretary,**
**Department of the Interior,**
**Defendant–Appellee.**

No. 89–3842.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1991.

Robert C. Jenkins, New Orleans, La., for plaintiff-appellant.

Glenn K. Schreiber, Asst. U.S. Atty., John P. Volz, U.S. Atty., New Orleans, La., for defendant-appellees.

Before GEE and DAVIS, Circuit Judges, and SMITH *, District Judge.

WALTER S. SMITH, Jr., District Judge:

Appellant Evelyn J. Watkins brought this action against the Secretary of the Department of the Interior alleging that she was the subject of employment discrimination because of her race. Watkins' original complaint properly asserted a cause of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* She then amended her complaint to eliminate Title VII and to proceed under 42 U.S.C. § 1981. Subsequently, Watkins again amended her complaint to reassert her Title VII claim. The District Court dismissed Watkins' complaint for lack of subject matter jurisdiction, ruling that the Title VII claim in her second amended complaint was untimely and barred by the 30–day filing requirement of 42 U.S.C. § 2000e–16(c). Because we find that the second amended complaint related back to the date of filing the original complaint, we conclude that the Title VII claim was timely.

* District Judge of the Western District of Texas, sitting by designation.

1. Watkins originally filed two complaints, one in October 1984 and the second in February 1985. The complaints were consolidated by the EEOC for investigation and disposition.

## I.  Background

Evelyn J. Watkins ("Watkins") was employed as a typist with the Minerals Management Service of the Department of the Interior (the "Department"). She filed complaints of employment discrimination with the Department claiming that she was improperly discriminated against in reprisal for filing prior discrimination complaints. Watkins alleged numerous acts of discrimination by the Department regarding her performance appraisals, transfers, garnishment of wages, labor-management relations, supervision, office reorganization, and reassignment.[1] The Secretary of the Department (the "Secretary") determined that no discrimination had occurred, after which Watkins appealed to the Equal Employment Opportunity Commission ("EEOC"). On July 5, 1988, the EEOC published its final decision. Watkins thereafter timely initiated the present suit in the United States District Court for the Eastern District of Louisiana.

Watkins initially presented her complaint on July 22, 1988, along with an application to proceed *in forma pauperis*. This initial complaint asserted a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794(c) ("Title VII"). On July 26, 1988, a U.S. Magistrate denied Watkins' application to proceed *in forma pauperis*. On August 5, 1988, Watkins paid the necessary filing fees, and her complaint was officially filed and docketed. At the same time, Watkins amended her original complaint to change her cause of action from one under Title VII to one proceeding under Title 42, United States Code, Section 1981 ("§ 1981").

The Secretary thereafter filed a motion to dismiss Watkins' complaint under Rule 12 of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, as well as insufficiency of service of process.[2]

2. The Appellant's response to the Secretary's motion to dismiss established that the United States Attorney General had been properly served. Therefore, neither the propriety of service nor the proper designation of parties is at issue.

Appellant then requested leave to amend her complaint to once again assert a Title VII claim. On March 22, 1989, the Magistrate granted leave to amend, issuing his findings and recommendation on March 27, 1989.

The Secretary filed an objection to the Magistrate's Findings and Recommendation to the District Court, who affirmed the Magistrate's recommendation permitting Watkins' second amendment. The Secretary requested reconsideration, and the District Judge reversed his earlier ruling and sustained the Secretary's objection to the Magistrate's recommendation. The District Judge determined that Watkins' amendment could not legally relate back to her original complaint, and, as a result, the 30-day time limitation that begins to run after receipt of the right-to-sue notice from the EEOC elapsed prior to the time the Title VII action was added in Appellant's second amended complaint. The District Judge then dismissed Watkins' suit for lack of subject matter jurisdiction. Hence, this appeal.

## II. Discussion

The Secretary argues that: (1) the 30-day time period under § 2000e–16 is jurisdictional and not subject to equitable tolling; (2) the Appellant abandoned her Title VII cause of action; and (3) the district court was without jurisdiction to hear Watkins' § 1981 action, thus there was no cause of action to which Watkins' Title VII claim could relate back.

■ Title VII is the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. General Services Administration*, 425 U.S. 820, 825, 96 S.Ct. 1961, 1963, 48 L.Ed.2d 402 (1976). As a result, a § 1981 cause of action is unavailable to such an employee. *See Newbold v. United States*, 614 F.2d 46, 47 (5th Cir.1980).

■ A Title VII suit alleging federal employment discrimination must be filed within thirty days of receipt of the right-to-sue notice from the EEOC. 42 U.S.C. § 2000e–16. This Court has repeatedly held that this 30-day limitations period is jurisdictional and not subject to equitable tolling. *See Irwin v. Veterans Administration*, 874 F.2d 1092 (5th Cir.1989), *cert. granted*, —— U.S. ——, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990); *Brown v. Department of the Army*, 854 F.2d 77 (5th Cir. 1988); *Bell v. Veterans Administration Hospital*, 826 F.2d 357 (5th Cir.1987). However, the issue of equitable tolling is distinct from the relation-back theory under Fed.R.Civ.P. 15(c).[3]

While equitable tolling is inapplicable, a cause of action can relate back under Rule 15(c) without usurping the jurisdictional nature of the filing requirement of § 2000e–16. In the *Brown* case, the Court specifically noted that the relation back doctrine would overcome the jurisdictional nature of § 2000e–16(c) and allow a plaintiff to pursue an otherwise time-barred Title VII suit. In *Brown*, the plaintiff named the wrong party in the original complaint and did not name the correct party until well after the 30-day period had run, over a year after the original complaint was filed. Although the Court held that the plaintiff's amendment did not relate back, the court specifically pointed to Rule 15(c) as a way that a Title VII claim could be timely despite being added after the 30-day limitations period had elapsed.

> The only way the court could have retained jurisdiction was if the amended complaint which named the proper defendant could relate back to the original filing date under Rule 15(c), Fed.R.Civ.P.

*Id.* at 78.

As equitable tolling is not at issue, therefore, the crucial question before the Court is whether Watkins could amend her complaint to assert a Title VII cause of action after having previously amended her complaint to replace a Title VII claim with a § 1981 claim. If Watkins' second amended

---

**3.** Rule 15(c) provides, in pertinent part:
   "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

complaint does not relate back to the date of the original filing, her Title VII cause of action is barred by the 30–day limitations period.

The Secretary argues, and the district court agreed, that Watkins abandoned her Title VII claim when she amended her complaint to replace the Title VII action with one under § 1981. The Secretary cites the case of *Boelens v. Redman Homes,* 759 F.2d 504 (5th Cir.1985), arguing that Watkins could not reassert her Title VII action because by deleting it, she divested the district court of jurisdiction. In *Boelens,* unlike the present case, the plaintiff attempted to amend his complaint on appeal to reassert a cause of action included in his original complaint. The plaintiff did not seek leave to amend in the district court, but rather in the appellate court. Leave to amend on appeal was denied, and this Court held that the first amended complaint was the exclusive basis upon which recovery could be grounded. *Boelens* does not stand for the proposition that a plaintiff is barred from reasserting a cause of action previously dropped; rather, it holds that a party cannot amend his complaint at the appellate level in an attempt to remedy jurisdictional defects.

■ The viability of a cause of action in an original complaint does not necessarily affect the application of the relation-back doctrine. While a court must dismiss a case over which it has no jurisdiction whenever a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given. *Stanley v. Central Intelligence Agency,* 639 F.2d 1146 (5th Cir. Unit B 1981). While the plaintiff in the *Stanley* case asserted a cause of action outside the subject matter jurisdiction of the district court, this Court remanded the case for consideration of whether an amended complaint could cure the jurisdictional defect, thereby recognizing that an amendment can relate back even though the original claim is not within the jurisdiction of the court.

■ The Court is persuaded that the issues raised in this appeal are directly controlled by the rulings in *Caldwell v. Mar-*

*tin Marietta Corp.,* 632 F.2d 1184 (5th Cir. Unit B 1980) and *Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5th Cir. Unit A 1981). While these cases deal with the concept of relation-back as it relates to private employers, the rationale is equally applicable to suits involving discrimination in federal employment.

In *Caldwell,* the plaintiff filed suit in the district court one day prior to the expiration of the 90–day limitations period of 42 U.S.C. § 2000e–5(f)(1), basing his claim solely upon § 1981. However, the plaintiff failed to prepare the proper forms to allow service to be executed, and the completed forms were not returned until over one year after the complaint was originally filed. A motion to dismiss was filed, asserting that the § 1981 action was barred by the applicable state statute of limitations. In response, the plaintiff amended his complaint to add a Title VII action. This Court determined that although the § 1981 claim was barred, the Title VII claim was timely because the amendment related back to the filing of the original complaint under Rule 15(c). The basis for the Court's determination was that the "facts necessary to support a claim for relief under Title VII are nearly identical to the facts which support a claim under § 1981 . . . ." *Caldwell v. Martin Marietta Corp.,* 632 F.2d at 1186.

A similar fact situation was presented in the *Sessions* case, where the plaintiff's original complaint asserting a cause of action under § 1981 was barred by the eleventh amendment. An amended complaint filed seven months later asserted a claim under Title VII. Although the plaintiff's original claim under § 1981 was not within the subject matter jurisdiction of the district court, this Court held that the plaintiff's later added Title VII claim did relate back because both claims revolved around the same operative facts. The *Sessions* Court stated:

A complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdic-

tion. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1159–60 (5th Cir. 1981). *See generally* 3 Moore's Federal Practice 15.09 (2d ed. 1980). If the claim asserted in the amendment arises out of the conduct or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date the original complaint was filed. Fed.R.Civ.P. 15(c). So long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back to the date of filing the Section 1981 claim works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit. Here the Title VII and Section 1981 claims were based on identical facts and identical allegations of discrimination.

*Id.* at 1070. The *Sessions* decision relied upon both *Stanley* and *Caldwell.*

The common thread running through these opinions is that the relation-back doctrine is controlled not by the caption given a particular cause of action, but by the underlying facts upon which the cause of action is based. The Court is persuaded, therefore, that Watkins' second amended complaint related back to the date of the original filing because both causes of action were based upon the same facts and allegations of discrimination, even though the § 1981 action was not within the subject matter jurisdiction of the district court.

■ Although Watkins replaced her Title VII complaint in favor of one under § 1981, this does not constitute an absolute waiver of her right to raise Title VII once again. The fact that Watkins reasserted her Title VII claim after dropping it is a distinction without a difference, because at all times the operative facts upon which her cause of action was based remained the same. This determination is even more compelling in light of Watkins' *pro se* status and the liberality accorded the pleadings of such parties.

The District Court's determination that the Appellant's Title VII cause of action was barred by the 30–day limitations period of § 2000e–16(c) was in error. Accordingly, the judgment of the district court is hereby **REVERSED** and this action **REMANDED** for further proceedings.