28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nicholas William PARADISE, Julia Ann Paradise; William
Michael Paradise; Edward Donald Kuball; William Michael
Paradise as next friend of Stacey Michelle Paradise, a
minor, and William Michael Paradise as next friend for
Nicholas Michael Paradise, a minor Plaintiffs-Appellants,
v.
Camille Ricca PARADISE; Marlene Zychowicz; Bonnie Supin;
Children's Clinic, Saycich, Baker, Dushman, a professional
corporation; John Samolovitch, individually and in his
capacity as a police officer for the Metropolitan Police
Department; Sherry Richardson-Crawford, individually and in
her capacity as a police officer for the Metropolitan Police
Department; City of Las Vegas; John Does Police,
individually and in their capacities as unidentified police
officers of Las Vegas; Gloria Powell; Mary Spencer; Trans
World Airlines, Inc.; and Henry Does, individually and in
their capacities as unidentified employees, servants of
Trans World Airlines, Inc., Defendants-Appellees.
 No. 88-15012.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided June 27, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs appeal from the district court's order finding their state tort claims, as stated in their complaint filed in federal court, preempted by the Railway Labor Act, 45 U.S.C. Sec. 151, et seq., and dismissing their complaint for lack of subject matter jurisdiction. We dismiss the appeal.
 
 I.
 
 3
 On February 2, 1984, William M. Paradise, Nicholas W. and Julia A. Paradise (his parents), Julie A. Paradise (his sister), and Edward D. Kuball (his sister's boyfriend) were arrested and charged with sexually abusing William Paradise's son and daughter. The Paradises and Kuball denied the charges, which they asserted arose out of William Paradise's contentious divorce from Camille R. Paradise. At a preliminary hearing on February 17, 1984, a state court in Clark County, Nevada dismissed the charges, based on the lack of physical evidence and its determination that the child who had made the allegations was incompetent to testify.
 
 
 4
 Later that spring, Trans World Airlines, Inc., after reviewing the District Attorney's files, fired Julie Paradise and Kuball. They appealed their terminations pursuant to the arbitration system established in collective bargaining agreements between TWA and the pilots' and flight attendants' unions. Separate arbitration boards eventually reinstated Julie Paradise and Kuball.
 
 
 5
 While preparing for arbitration, TWA investigated the charges further and hired medical experts to examine the children. The experts concluded that the children had been molested. TWA made its experts' findings available to the District Attorney, who continued to pursue criminal charges against the Paradises and Kuball. A grand jury indicted the Paradises and Kuball three times, but courts dismissed the indictments. Finally, on October 6, 1987, with the statute of limitations drawing near, the District Attorney decided not to seek another indictment.
 
 
 6
 On December 11, 1987, the Paradises and Kuball filed an action in federal court against Camille Paradise, members of the Las Vegas Police Department, TWA, and medical experts used by Camille Paradise and TWA. The complaint included, among several other claims, a cause of action under Nevada law for malicious prosecution. Regarding TWA, the malicious prosecution claim asserted that the airline had ignored exculpatory evidence, hired medical experts who engaged in inappropriate and misleading investigations, and, in an effort to strengthen its arbitration cases, assisted and encouraged the Paradises' and Kuball's criminal prosecutions.
 
 
 7
 On May 10, 1988, the Paradises and Kuball filed a "Motion for Voluntary Dismissal Without Prejudice With Leave to File In State Court." Along with their motion, they submitted a copy of a complaint they had filed in state court.
 
 
 8
 The district court concluded that the Paradises' and Kuball's claims were preempted by the Railway Labor Act, 45 U.S.C. Secs. 151, et seq., which requires all claims arising out of the employment relationship of employees and airlines to be submitted to arbitration.[1] Noting that it lacked authority to grant a party leave to file a complaint in state court, the district court dismissed without prejudice the Paradises' and Kuball's federal complaint for lack of subject matter jurisdiction.
 
 
 9
 The Paradises and Kuball appealed, seeking a reversal of the district court's determination that the RLA preempted their claims. This appeal was stayed pending the Nevada Supreme Court's ruling on an appeal from the state trial court's dismissal of the state complaint. On December 20, 1990, the Nevada Supreme Court affirmed the dismissal of all claims except the malicious prosecution cause of action against TWA, Camille Paradise, and one of the medical experts.
 
 II.
 
 10
 We do not have jurisdiction to grant the remedy sought by the Paradises and Kuball: a ruling that the malicious prosecution claim included in the state complaint is not preempted by the RLA. We cannot issue an advisory opinion as to the claims in the state complaint. Flast v. Cohen, 392 U.S. 83, 96-97 (1968). The district court appropriately limited its decision to the federal complaint. TWA had not removed the action filed in state court, and the state complaint was not properly before the district court. 28 U.S.C. Secs. 1441(a) (providing that only a defendant can remove a case to federal court).
 
 
 11
 We would have jurisdiction to consider whether the district court properly dismissed the federal complaint for lack of subject matter jurisdiction instead of granting a voluntary dismissal. But the Paradises and Kuball have waived this issue. In their opening brief, they do not challenge the dismissal of their federal complaint. In their reply brief, they adamantly insist that they are abandoning their federal complaint and are seeking consideration only of the claims in their state complaint. Eberle v. City of Anaheim, 901 F.2d 814, 817-18 (9th Cir.1990); Miller v. Fairchild Industries, Inc., 797 F.2d 727, 738 (9th Cir.1986), cert. denied, 494 U.S. 1056 (1990).
 
 
 12
 Dismissal for lack of subject matter jurisdiction is not a decision on the merits. Costello v. United States, 365 U.S. 265, 285-86 (1961). The district court dismissed the federal complaint without prejudice. Sometimes a party can cure a jurisdictional defect by filing an amended complaint. Likewise, the Paradises and Kuball may have cured any preemption problems by restating their malicious prosecution claim in their state complaint.[2] That, however, is a matter for the Nevada court to decide.
 
 
 13
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court's order focused on Julie Paradise and Kuball. William, Nicholas, and Julia Paradise were not employed by TWA. Non-employees' claims are not preempted by the RLA unless the damages they claim are entirely derived from employees' claims. Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1471-72 (9th Cir.1991)
 
 
 [2]
 Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."), cert. denied, 490 U.S. 1098 (1989); Watkins v. Lujan, 922 F.2d 261, 264 (5th Cir.1991) ("While a court must dismiss a case over which it has no jurisdiction whenever a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given.")