Ulysses LIGHTNER, Plaintiff,

v.

CITY OF ARITON, ALABAMA; Billy Clyde Herring, individually and in his capacity as Mayor for the City of Ariton; Randy O. Laney, individually and in his capacity as Mayor for the City of Ariton, Defendants.

Civ.A. No. 94–D–1198–S.

United States District Court,
M.D. Alabama,
Southern Division.

March 27, 1995.

Kenneth C. Sheets, Jr., Dothan, AL, for plaintiff.

William H. Filmore, Ozark, AL, for defendants.

## MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is Defendants' Motion to Dismiss Plaintiff's action, filed October 13, 1994. Plaintiff responded in opposition to Defendants' motion on November 18, 1995. For reasons set forth below, Defendants' motion is due to be granted in part and denied in part.

### Jurisdiction & Venue

Jurisdiction is proper because Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983 and 2000e et seq.[1] Furthermore, Plaintiff has satisfied all administrative requirements in that he petitioned the Equal Employment Opportunity Commission (hereinafter the "EEOC) within 180 days following the alleged discriminatory action(s) and filed the above-styled judicial action within 90 days after receiving his EEOC Right to Sue Letter. Personal jurisdiction and venue are uncontested.

### Factual Background

Ulysses Lightner (hereinafter "Lightner" or "Plaintiff") was employed by the City of Ariton (hereinafter "Ariton") from May 7, 1990, to January 18, 1994, as Chief of Police. Apparently, Plaintiff was reassigned to an office position, in which he was allegedly required to execute his assignments in a room with inadequate lighting. Plaintiff contends that during his tenure as Chief of Police, he was promised additional compensation and/or pay but he never received it. Plaintiff avers that he received less pay than the current Chief of Police and the Chief of Police who preceded him—both of whom are white. Lightner further contends that during his tenure as Police Chief, the current mayor, Billy Clyde Herring (hereinafter "Herring"), usurped Plaintiff's authority by setting work shifts and purchasing supplies. According to Plaintiff, these duties are now performed by the current Chief of Police.

While serving as Police Chief, Plaintiff was allegedly required to serve on patrol tours, whereas the newly appointed Caucasian Police Chief is not so required. Subsequently, Plaintiff filed a discrimination charge with the EEOC. Plaintiff was later released from his employment.

Lightner alleges that he was the victim of invidious discrimination and in his terms and conditions of employment. Lightner also claims that his discharge was a retaliatory response to his filing an EEOC claim. Plaintiff now avers that since his discharge, he has been harassed on several occasions by the Ariton Police Department at his home during the evening hours.

Plaintiff claims that the alleged acts represent a discriminatory pattern and practice by Ariton and its agents, Herring and Randy O. Laney (hereinafter "Laney"), in violation of 42 U.S.C. §§ 1981, 1983 and 2000e et seq. Plaintiff avers that as a result of the alleged acts he has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to his reputation.

On October 13, 1994, Defendants filed the motion presently before the court. Defendants contend that Plaintiff's Title VII action

---

1. Pursuant to 28 U.S.C. § 1331, the federal district courts have "original jurisdiction of all civil actions arising under the.... laws.... of the United States."

is not actionable because Ariton has only nine (9) employees and that the relevant statutory provision defines employer as an entity employing 15 or more persons. Moreover, Defendants claim that Plaintiff's §§ 1981 and 1983 claims are not actionable because they are not independent of Plaintiff's Title VII action.

### Standard for Motion to Dismiss

■ The movant on a motion to dismiss for failure to state a cause upon which relief may be granted "sustains a very high burden."[2] *Jackam v. Hospital Corporation of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986) (citing *Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The United States Eleventh Circuit Court of Appeals has held, "motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam,* 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir. 1982)).

### Discussion

Title VII makes it unlawful for an "employer" to "discharge any individual, or otherwise discriminate against any individual with respect to [his] compensation, terms, conditions, or, privileges of employment, because of such individual's ... race." 42 U.S.C. § 2000e–2(a)(1). Under this statute, "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calender weeks in the current or preceding calendar year ..." 42 U.S.C. § 2000e(b). *See also Dumas v. Town of Mount Vernon,* 612 F.2d 974, 979 (5th Cir.1980) (holding defendant lacked employer

status under Title VII because it employed less than 15 persons during relevant period).[3]

■ In the action before the court, Ariton employed less than fifteen persons during the 1992, 1993 and 1994 calendar years. Via affidavit, Laney asserts that in each of the enumerated calendar years, Ariton employed seven (7) persons—four (4) filled full-time positions and three (3) were part-time employees. Plaintiff offers nothing to rebut this evidence. Thus, it is clear from the face of the complaint that Plaintiff has failed to state a Title VII claim upon which relief may be granted. Therefore, Defendants' motion to dismiss Plaintiff's Title VII claim is due to be granted.[4]

Defendants next contend that the claims arising under sections 1981 and 1983 should be likewise dismissed because Title VII purportedly contains the sole remedy in this action. Defendants claim that it is obvious from the face of the complaint that Plaintiff's §§ 1981 and 1983 employ identical facts as the Title VII action. Since Plaintiff has allegedly failed to bring independent section 1981 and 1983 actions, Defendants contend that Plaintiff's causes of action arising thereunder should be dismissed.

■ Even assuming that all of Defendants' factual contentions are true, the court is not convinced that Plaintiff's section 1983 claim is due to be dismissed for failure to state a claim upon which relief may be granted. It is established that "[w]here a statute provides a particular procedure and an exclusive remedy for violations, § 1983 may not be used to obtain additional remedies." *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1202 (6th Cir.1984) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). While Title VII is a comprehensive anti-discrimination statute that prohibits, *inter alia,* discrimination in

---

2. Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits a party to plead or move for dismissal of a complaint if said complaint fails to state a claim upon which relief may be granted.

3. Decisions of the United States Fifth Circuit Court of Appeals rendered before October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

4. Since Ariton lacks employer status and because, in the context of Title VII, a plaintiff's action is ultimately against the employer, the court finds that it must dismiss the Title VII action against the individual defendants, Herring and Laney, for lack of subject matter jurisdiction. *See Dumas,* 612 F.2d at 980.

the employment context on the basis of race,[5] section 1983, on the other hand, is a mechanism for vindicating rights secured by the United States Constitution or federal law and does not confer any substantive rights. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1079 (3rd Cir.1990) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979)).[6]

The United States Eleventh Circuit Court of Appeals has not determined the extent of Title VII's preemption of claims arising under section 1983. However, federal courts of appeal which have determined the issue have held, invariably, that Title VII is not the exclusive remedy for discrimination claims against state or municipal employers, where those claims arise from violations of Constitutional or statutory rights. *See, e.g., Bradley*, 913 F.2d at 1079; *Johnston v. Harris County Flood Control Distr.*, 869 F.2d 1565, 1573 (5th Cir.1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990); *Starret v. Wadley*, 876 F.2d 808, 814 (10th Cir.1989); *Roberts v. College of the Desert*, 870 F.2d 1411, 1415–16 (9th Cir.1988); *Keller v. Prince George's County*, 827 F.2d 952, 956–63 (4th Cir.1987); *Trigg v. Fort Wayne Community Schools*, 766 F.2d 299, 302 (7th Cir.1985); *Day*, 749 F.2d at 1205.

Defendant relies on the United States Sixth Circuit Court of Appeal's holding in *Day* to substantiate its argument that Title VII provides the sole remedy in this action, and, in effect, precludes a section 1983 action. While Title VII provides the sole remedy for violations of its own terms, when a public employer's conduct violates both Title VII and a separate constitutional or statutory right the injured employee may pursue a remedy under section 1983 in addition to a Title VII remedy. *Johnston*, F.2d at 1573. Because in such a scenario, the section 1983 claim is sufficiently independent of the Title VII action. *See Day*, 749 F.2d at 105.

In the instant action, the court finds that Defendants have failed to carry their burden by insufficiently demonstrating that Plaintiff can adduce no set of facts in support of his claim. In other words, Defendants have not demonstrated that the circumstances surrounding Plaintiff's Title VII claim may not also constitute violations of the United States Constitution. Therefore, the court finds that Defendants motion to dismiss Plaintiff's section 1983 claim is due to be denied.[7]

■ Defendants assert that Plaintiff's section 1981 is not actionable because of the exclusive remedy posture of Title VII. Defendants cites *Watkins v. Lujan*, 922 F.2d 261 (5th Cir.1991), in support of its proposition that Title VII provides the exclusive judicial remedy for discrimination in public employment. The court finds that Defendants' construction is too broad. In *Watkins*, the court held that Title VII·is the sole judicial remedy for discrimination claims in *federal* employment. *Watkins*, 922 F.2d at 263 (citing *Brown v. General Services Administration*, 425 U.S. 820, 825, 96 S.Ct. 1961, 1963, 48 L.Ed.2d 402 (1976).[8]

In 1991, the Civil Rights Act (hereinafter the "Act") was amended, expanding the coverage of section 1981 to include claims of racial discrimination predicated on wrongful termination. Pub.L. No. 102–166, S. 1745, 102d Cong., 1st Sess. (1991).[9] Prior to the 1991 amendments, the United States Supreme Court narrowly construed the right

---

5. *See* 42 U.S.C. § 2000e–17.

6. Section 1983 provides that any person who under the color of State law deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

7. The court also notes that Plaintiff also alleges that police officers have harassed him since he left Ariton's employ, which has nothing to do with employment discrimination or Title VII.

Therefore, the court's conclusion to deny Defendants' motion to dismiss Plaintiff's section 1983 claim is further substantiated.

8. The court points out that Defendants neither produce nor direct the court's attention to any precedent to support its argument that state employees are restricted to bringing discrimination claims under Title VII only.

9. Congress passed the Act on November 7, 1991. President George Bush signed the legislation into law on November 21, 1991.

"to make and enforce contracts" clause of section 1981(a) in holding that section 1981 "does not extend.... to conduct by the employer after the contract relationship has been established," unless a claim entailed a denial of a promotion because this action "involved the opportunity to enter into a new contract with the employer." *Patterson v. McLean Credit Union,* 491 U.S. 164, 177 and 185, 109 S.Ct. 2363, 2372 and 2377, 105 L.Ed.2d 132 (1989). Effectively, the Act reverses *Patterson* and now permits claims for intentional race discrimination in ".... the making, performance, modification, and termination of [employment] contracts," as well as ".... the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The court finds that Title VII does not provide a remedy to the exclusion of § 1981 and that § 1981 was enacted to eradicate discrimination in enforcing employment contracts. Here, Plaintiff claims that he was discriminated against in the conditions of his employment, which involves Plaintiff's contract. Therefore, Defendant has failed to demonstrate that Plaintiff may not recover on his § 1981 claim. Accordingly, Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1981 claim is due to be denied.

### Conclusion

Defendant, City of Ariton, has not employed 15 or more persons in either of the last four calender years. Thus, Title VII is inapplicable in this matter and Plaintiff may not maintain an action thereunder. Therefore, Defendant's motion to dismiss Plaintiff's complaint for failure to state an actionable 42 U.S.C. § 2000e *et seq.* claim is due to be granted.

Defendants have failed to demonstrate that Plaintiff can prove no set of facts which would allow Plaintiff to recover under 42 U.S.C. § 1981. Therefore, Defendants' motion to dismiss Plaintiff's complaint in regard to Plaintiff's § 1981 claim is due to be denied.

Defendants have also failed to demonstrate that Plaintiff cannot, under any favorable factual scenario, prevail on Plaintiff's 42 U.S.C. § 1983 claim. Accordingly, Defendants' motion to dismiss Plaintiff's complaint concerning Plaintiff's § 1983 claim is due to be denied.