896 F.Supp. 69 (1995)
Soraida RIBOT ESPADA, Plaintiff,
v.
Juan F. WOODROFFE, et al., Defendants.
Civ. No. 94-2107(SEC).
United States District Court, D. Puerto Rico.
July 17, 1995.
*70 Luis F. Padilla, Hato Rey, PR, for plaintiff.
Roberto E. Ruíz-Comas, Dept. of Justice, Federal Litigation Div., Sonsire M. Ramos-Soler, P.R. Industrial Development Co., San Juan, PR, Benito I. Rodríguez-Massó, Hato Rey, PR, for defendants.

ORDER
CASELLAS, District Judge.
Plaintiff originally brought this action pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act and several provisions of state law claiming that on numerous occasions while she was employed by defendants as an Executive Secretary they approached and sexually harassed her by making unwelcome sexual advances. In addition, the complaint charges that defendants discriminated against plaintiff on the basis of her religious beliefs. Pending before the Court is codefendants Juan F. Woodroffe and Clifford Myatt's Joint Motion Requesting Dismissal (docket #28) on the grounds that plaintiff failed to exhaust the mandatory administrative remedies established by Title VII, 42 U.S.C. § 2000e. Codefendants argue that plaintiff's claim under § 1983 should be dismissed as a matter of law because Title VII provides the exclusive remedy in this context, and therefore preempts a cause of action under 42 U.S.C. § 1983. Plaintiff filed a timely opposition to the motion to dismiss (docket #29) explaining that even though the complaint contains several allegations claiming violations to Title VII, it should really be considered to state a claim under § 1983, and therefore that plaintiff is not required to exhaust administrative remedies before filing her claim in federal court. Moreover, according to plaintiff, both the U.S. Supreme Court and the Court of Appeals for the First Circuit have consistently and categorically held that sexual harassment as well as other forms of employment discrimination against state officials may be brought under the aegis of 42 U.S.C. § 1983, and that codefendants' argument regarding the exclusivity of the Title VII remedy consequently lacks merit and is clearly frivolous. Plaintiff asks this Court to impose sanctions against codefendants and/or make an award of attorney's fees in favor of plaintiff.
As a preliminary matter, and in order to avoid confusion at a latter stage of these proceedings, the Court will accept plaintiff's characterization of the complaint as one brought pursuant to 42 U.S.C. § 1983. Plaintiff is correct in stating that § 1983 does not require the exhaustion of administrative remedies before filing an action in federal district court. Patsy v. Board of Regents of State of Florida, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Consequently, the instant case may not be dismissed on those grounds. The more interesting problem is presented by codefendants' suggestion that Title VII provides the exclusive remedy in this matter.
Codefendants principally rely on Marrero-Rivera v. Department of Justice, 800 F.Supp. 1024 (D.P.R.1992), where the district court found that Congress had intended to make Title VII the exclusive remedy for victims of discrimination in public employment when it enhanced the remedies previously available under the statute. Id. at 1033. Although the district court acknowledged *71 prior First Circuit decisions holding that Title VII does not preempt an action under § 1983, it nevertheless felt that "this position should be reevaluated in light of the Civil Rights Act of 1991" which amended the statute to, inter alia, provide additional remedies such as the right to compensatory and punitive damages and to a trial by jury. Id. at 1031 (citing Lipsett v. University of Puerto Rico, 864 F.2d 881, 886 (1st Cir.1988)). The court's decision in Marrero-Rivera was never appealed. Since the First Circuit has not pronounced itself regarding this issue in the years after the 1991 Civil Rights Act, to this date it would seem that Marrero-Rivera states the law in the District of Puerto Rico. Recently however, several courts have taken the opportunity to address the issue in light of the 1991 amendments to the Act. See Annis v. County of Westchester, 36 F.3d 251 (2d Cir.1994); Beardsley v. Webb, 30 F.3d 524 (4th Cir.1994); Wilson v. UT Health Center, 973 F.2d 1263, 1268 (5th Cir.1992); Notari v. Denver Water Dept., 971 F.2d 585, 587 (10th Cir.1992); Lightner v. City of Ariton, 884 F.Supp. 468 (M.D.Ala.1995); Stoner v. Dept. of Agriculture, 846 F.Supp. 738 (W.D.Wis.1994). These courts have unanimously held that Title VII is not the exclusive remedy for discrimination claims against state or municipal employers where those claims arise from violations of constitutional or statutory rights. This Court finds that the rationale of these decisions better reflects the intent of Congress that § 1983 endure as a separate remedy from Title VII employment discrimination, and that it continue to provide plaintiffs with an independent cause of action through which they can seek redress of constitutional deprivations. Here, plaintiff has pleaded a cause of action for sexual harassment, a form of sex discrimination. Lipsett v. University of Puerto Rico, 864 F.2d at 897. Discrimination on the basis of sex violates the equal protection clause if such discrimination does not serve important governmental objectives and is not substantially related to achievement of those objectives. Id. at 896. Put another way, plaintiff's claim arises from the alleged infringement of her constitutional rights. Consequently, we find that Title VII does not present the only avenue for relief in this case.
WHEREFORE, for the above stated reasons, the Joint Motion Requesting Dismissal Pursuant to Fed.R.Civ.P. 12(b)(6) (docket # 28) filed by codefendants Juan F. Woodroffe and Clifford Myatt is DENIED. Furthermore, considering codefendants' good faith reliance upon Marrero-Rivera v. Department of Justice, supra, plaintiff's request for sanctions and/or attorney's fees (docket # 29-2) is also DENIED. Finally, codefendants' Supplement to the Joint Motion (docket # 30) is similarly DENIED.
SO ORDERED.